## OLIVER PRESCOTT, JUN., & AL., Appellants, *versus* MARY TARBELL & AL., Administrators.

Administration bond does not oblige the administrator to inventory *real* estate Court cannot compel the execution of a trust. Real estate of a deceased person not inventoried by his executor or administrator, may be attached and taken in execution by the creditors. The Court will not inquire as to *errors in fact* which are not assigned in the reasons of appeal from a decree of the judge of probate.

THE appellees, who are the administrators of the estate of *Samuel Tarbell*, deceased, which had *been repre- [ * 205 ] sented insolvent, exhibited to the judge of probate for this county their administration account for settlement and allowance, upon which the judge passed his decree; from which the appellants, who are creditors of the said estate, appealed, and filed the following reasons of appeal, *viz.*:—

*First.* The intestate was the lawful owner, and lawfully seised and possessed, of the homestead farm, with the buildings thereon, where he lately dwelt, in said *G.*, and whereon he died; and although it appears that the personal estate of said deceased is not sufficient

155

to pay and discharge the claims allowed by the commissioners thereon, but a great deficiency remains, which ought to be paid out of the real estate, and 'the said farm and buildings are the only real estate whereof the deceased died seised or was the owner, nevertheless the said administrators have not made sale of any part of said real estate for the payment of said debts, nor made application for license therefor, as by law they ought to have done.

And, *secondly*, because said administrators, in their said account, have not charged themselves with the rent, use, or improvement of said real estate since the death of said deceased, or any part thereof, as they ought to have done.

And the parties now agreed that the judgment of this Court should be rendered upon the following state of facts, *viz.*, That on the first day of April, 1791, *James Prescott, Esq.* was seised, in his demesne, as of fee, of the real estate mentioned in the reasons of appeal; and the same day, *Samuel Tarbell,* the deceased, (supposing himself an alien to the *United States,*) contracted with the said *James Prescott* for the purchase of the same estate, and paid him the purchase money therefor; but a deed thereof from said *Prescott* was made conveying the same to *Aaron Dex-* [ * 206 ] *ter, Esq.,* *and, upon the same day, the said *Tarbell* took from said *Dexter* a bond whereby said *Dexter* bound himself, at all times, to permit the said *Tarbell* to use, occupy, and improve said estate, and at any time, upon request from said *Tarbell,* to convey the same estate to any person that he in writing should direct; that afterwards, *viz.*, on the 11th December, 1795, said *Dexter,* by the direction of said *Tarbell,* conveyed by deed the same estate to *Aaron Brown, Esq.,* and on the same day, in consideration of said conveyance, said *Brown* gave said *Tarbell* a bond in the penal sum of $10,000, with a condition of the following tenor, *viz.*, "The condition of this obligation is such, that whereas *Aaron Dexter, Esq.* did, by his deed bearing even date with these presents, convey to the said *Aaron Brown,* his heirs and assigns, forever, a certain farm situate in said *Groton,* containing seventy acres, more or less, and bounded as therein mentioned, which premises were intended to be conveyed as well *for the use of said* Tarbell, *his heirs and assigns,* as to secure to the said *Aaron Brown* the payment of all such sums of money as should at any time be due and owing by the said *Tarbell* to the said *Brown;* and the intent and meaning of the said parties to these presents is, that the said *Tarbell* shall, at all times hereafter, use, improve, occupy, and enjoy said premises, in such way and manner as he may think fit, but subject, however, to leave, quit, and resign up said premises to said *Brown,* his heirs or assigns, whenever he shall fail, for the space of

one year, to pay to said *Brown* all such sums of money as may be due and owing by said *Tarbell* to said *Brown*, with the interest thereof, to be computed annually ; which year shall commence from such time as said *Brown*, or his heirs or assigns, shall, by writing under his or their hands, given to said *Tarbell*, his heirs at * law, or devisees, or left on said premises for them, [ * **207** ] giving notice thereof. Now, therefore, if the said *Aaron Brown* shall, at all times hereafter, permit the said *Tarbell*, his heirs at law, or devisees, to use, improve, occupy, and enjoy said premises, in such way as they may see fit, and shall, after payment of all such sums as may be due and owing as aforesaid within the time aforesaid, at the request of said *Tarbell*, his heirs or devisees, (after reasonable notice given therefor,) at their proper costs and charges, make and execute a good and sufficient deed of conveyance of the premises either to said *Tarbell*, his heirs at law, or such person as he, by his last will and testament, or other writing, shall limit and appoint, then this obligation to be void, otherwise to remain in full force and virtue ; that, on the 4th day of March, 1796, the said *Tarbell* died, never having paid the money in said condition mentioned to be by him due and owing to said *Brown*, leaving in writing a direction to said *Brown* to convey said premises to the wife and children of said *Tarbell*, in the proportions in said writing mentioned ; that afterwards the said *Mary*, (one of the administrators,) who was the wife of said *Tarbell*, and their children, in said writing mentioned, on the 15th of Feb. 1796, (*a*) paid said *Brown* all the money due to him from said *Tarbell*, in proportion to the interest in said premises to be conveyed to them, and took from him a conveyance of said premises accordingly. And that administration upon the estate of said *Tarbell* was granted to the *appellees*, in due form, on the 20*th day of April*, 1796, and that they have duly represented the same estate insolvent, and that, by the inventory thereof, compared with the report of the commissioners who were appointed to receive and * examine the claims of the [ * **208** ] creditors to said estate, the same estate appears to be insolvent, unless said premises be considered as a part thereof

*S. Dana* for administrators.

*T. Bigelow* for appellants.

The opinion of the Court (viz., *Dana*, C. J., *Sedgwick*, *Sewall*, and *Thacher*, justices) was delivered by the *Chief Justice*, who said,

In this case, the conveyances made by *Prescott* to *Dexter* and

(*a*) So in the original state of facts. Quære if it ought not to have been *April* 15th, 1796.

*Dexter* to *Brown*, which, in effect, are but one conveyance, must be considered as made either to the *use* of *Tarbell*, or in *trust* for him, to neither of which does the administration bond extend, *that* having relation to *personal estate* only, as has been repeatedly decided.   If the conveyance was in *trust*, this Court could not have compelled the execution of it; and, until the legislature shall think proper to give us further powers, we can do nothing upon subjects of *that* nature.   If the conveyance was to the *use* of *Tarbell*, then the estate vested in him; and the creditors may bring their actions, and levy their executions upon the land.

*Decree affirmed.*

The Court were unanimously of opinion, that they could not go into an inquiry as to any *errors in fact* which were not assigned in the reasons of appeal